Stembridge v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
          RICHARD C. WESLEY,
           *Circuit Judges.*

-----------------------------------------------------------------------

EVERETT STEMBRIDGE,
          *Plaintiff-Appellant*,

        v.                               No. 14-2496-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY LEADERSHIP ACADEMY, COUNCIL OF SUPERVISORS AND ADMINISTRATORS, and NEW YORK CITY OFFICE OF GENERAL COUNSEL,
          *Defendants-Appellees.*[*]

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      EVERETT STEMBRIDGE, pro se, New York, New York.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

APPEARING FOR APPELLEES:    VICTORIA SCALZO, Assistant Corporation Counsel (Larry A. Sonnenshein, of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York, *for* New York City Department of Education and New York City Office of General Counsel.

VINCENT M. AVERY, Gordon Rees Scully Mansukhani, LLP, New York, New York, *for* New York City Leadership Academy.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the June 27, 2014 judgment of the district court is AFFIRMED.

Plaintiff Everett Stembridge, proceeding pro se, appeals the district court's dismissal of his amended complaint against the New York City Department of Education ("DOE"), DOE's Office of General Counsel, the Council of School Supervisors, and the New York City Leadership Academy, alleging, among other things, race discrimination in his demotion from assistant principal to teacher in 2006, his demotion to substitute teacher in June 2009, and the DOE's failure to hire him for a principal position. See 42 U.S.C. §§ 1981 and 1983. The district court concluded that many of Stembridge's claims were barred by the statute of limitations, and that his timely allegations failed to state a claim. See Fed. R. Civ. P. 12(b)(6). The court also found that to the extent that Stembridge's claims were viewed as having been asserted under Title VII of the Civil Rights Act of 1964

2

("Title VII"), 42 U.S.C. §§ 2000e-1 to 2000e-17, they failed for the same reasons. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review de novo the dismissal of a complaint for failure to state a claim. See Littlejohn v. City of New York, 795 F.3d 297, 306 (2d Cir. 2015). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Applying these principles, we conclude that the district court correctly dismissed Stembridge's amended complaint, for substantially the reasons stated in its June 27, 2014 decision.

As to any colorable Title VII claim, Stembridge failed to timely file or exhaust his administrative remedies. See, e.g., Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993) (stating that plaintiff "cannot use Section 1983 to gain perceived advantages not available to a Title VII claimant," but that plaintiff "can assert a claim under Section 1983 if some law other than Title VII is the source of the right alleged to have been denied"). To the extent that the source of the right asserted in his claims is other than Title VII, those claims were also correctly dismissed.

Stembridge argues that his §§ 1983 and 1981 claims arising from his 2006 demotion were timely because they did not accrue until his 2009 arbitration with DOE. A claim

3

accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Insofar as Stembridge was injured by his 2006 demotion, he knew in March 2008 that DOE would no longer pay him as an assistant principal. Thus, his discrimination claim as to the 2006 demotion accrued no later than that point, making his September 2012 complaint as to that demotion barred by the applicable three- and four-year statutes of limitations. See Owens v. Okure, 488 U.S. 235, 250 (1989) (applying three-year limitation on § 1983 claims); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (applying four-year limitation on § 1981 claims). The continuing violations doctrine does not change this result, as it does not apply to a discrete action such as a demotion. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114–15 (2002).

Stembridge's claim as to his June 2009 demotion is untimely under § 1983, but timely under § 1981. Stembridge argues that he plausibly alleged this demotion to have been in retaliation for filing a grievance over DOE's recoupment of his assistant principal salary. "[T]o be actionable under § 1981," however, the alleged retaliation "must have been in response to the claimant's assertion of rights that were protected by § 1981." Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir. 1998). While § 1981 prohibits employment discrimination based on race, see Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 68–69 (2d Cir. 2000), Stembridge does not allege that he

4

raised a racial discrimination claim in his grievance.   Instead, the issue at arbitration was whether DOE was <u>contractually</u> permitted to recoup his salary.   Accordingly, Stembridge failed to plead a plausible § 1981 claim regarding his 2009 demotion.

We have considered Stembridge's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5